1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CHAUNTAL MONROY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>WAL-MART INC.,<br><br>　　　　　Defendant. | Case No. 2:22-cv-01638-RFB-NJK<br><br>**ORDER** |

　　Before the Court is Defendant's Motion to Enforce Settlement Agreement (ECF No. 18), filed on September 1, 2023, and Plaintiff's Motion to Allow Counsel for Plaintiff Authorization to Sign Release on Plaintiff's Behalf, submitted on August 1, 2024 (ECF No. 21). For the reasons discussed below, the Court grants both motions.

　　On July 13, 2023, the Court granted Defendant's Motion to Dismiss Litigation with Prejudice in light of a settlement agreement. ECF No. 17. Defendant submitted the instant motion to enforce on September 1, 2023, stating that Defendants had attempted to obtain the executed Release from Plaintiff, but were unsuccessful. ECF No. 18. Counsel for Plaintiff filed a non-opposition to the motion on March 25, 2024, stating *inter alia* that Plaintiff agreed to the settlement, did not sign the Release Defendants requested, and was unable to be contacted by counsel. ECF No. 19. On August 1, 2024, counsel for Plaintiff filed the instant motion for authorization to sign release on Plaintiff's behalf. ECF No. 21.

　　It is "well established" that a trial court has the inherent power "to summarily enforce on motion a settlement agreement entered into by the litigants while the litigation is pending before it." In re City Equities Anaheim, Ltd., 22 F.3d 954, 957 (9th Cir. 1995). The court's equitable power to summarily enforce a settlement agreement derives from the nature of the relief sought.

See Adams v. Johns-Manville Corp., 876 F.2d 702, 709 (9th Cir. 1989). However, a district court may not exercise its equitable powers to summarily enforce a settlement "where material facts are in dispute." In re City Equities Anaheim, 22 F.3d at 958. A court may enforce a settlement agreement through award of damages or through decree of specific performance and "[a]n action for specific performance without a claim for damages is purely equitable." Adams, 876 F.2d at 709. Enforcing a settlement agreement is interpreted as an action to enforce a contract. See Knudsen v. Comm'r, 793 F.3d 1030, 1035 (9th Cir. 2015) (citing Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir. 1989)). A contract's construction and enforcement are governed by principles of state contract law. See O'Neil v. Bunge Corp., 365 F.3d 820, 822 (9th Cir. 2004). This is true even if the underlying cause of action is federal. See In re Beverly Hills Bancorp, 649 F.2d 1329, 1332 (9th Cir. 1981).

The Court now looks to the relevant Nevada contract law as it relates to a settlement agreement. The Nevada Supreme Court has outlined that a valid and enforceable settlement agreement requires "an offer and acceptance, meeting of the minds, and consideration." May v. Anderson, 119 P.3d 1254, 1257 (Nev. 2005). "A meeting of the minds exists when the parties have agreed upon the contract's essential terms." Certified Fire Protection, Inc. v. Precision Constr., Inc., 283 P.3d 250, 254 (Nev. 2012). Which terms are essential "depends on the agreement and its context and also on the subsequent conduct of the parties, including the dispute which arises and the remedy sought." Restatement (Second) of Contracts § 131 cmt. g (1981). Consideration requires something that is "bargained for and given in exchange for an act or promise." Zhang v. Eighth Judicial Dist. Ct., 103 P.3d 20, 24 n.22 (Nev. 2004). In order to enforce a settlement agreement in Nevada, "a court must be able to ascertain what is required of the respective parties." May, 119 P3.d at 1259. Applicable here, the terms of a release are material to any settlement agreement. Id. at 1257-58. The Nevada Supreme Court has found that "release terms are not a mere formality," but "an important reason why a party enters into a settlement agreement." Id.

The Court now considers Defendant's motion to enforce the settlement agreement. The Court will enforce the agreement. Here, Defendant requests the Court to order a decree of specific performance for Plaintiff to execute the Release. There are no material facts in dispute. As recorded

by the sworn declarations of both parties' unopposed motions, Defendant made an offer and Plaintiff accepted. Defendant paid the settlement funds and requested a signed release for its file. Plaintiff took out a settlement loan after the settlement was agreed upon to expedite the receipt of funds. However, Plaintiff failed to sign the Release requested by Defendant as a term of the agreement despite repeated requests from her own Counsel to do so. The Court finds that the requirements of each party in the settlement are sufficiently clear and that the contract meets the standard of an enforceable settlement agreement under Nevada law. The Court will therefore grant the motion to enforce settlement.

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Enforce Settlement Agreement (ECF No. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion Allowing Counsel for Plaintiff Authorization to Sign Release (ECF No. 21) is **GRANTED**. Plaintiff's counsel is directed to sign the release by **October 4, 2024.**

**IT IS FURTHER ORDERED** that counsel for Plaintiff shall send Ms. Monroy a copy of this Order.

**DATED:** September 29, 2024.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**